IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03296-M

EDWARD EARL BROWN, Jr., )
)
    Plaintiff, )
)
v. ) ORDER
)
JOHN HERRING, et al., )
)
    Defendants. )

This cause is before the court on various non-dispositive motions. [D.E. 67, 74, 75, 78].

The court first considers plaintiff's September 15, 2023, motion to appoint counsel. Mot. [D.E. 67]. Plaintiff asserts, *inter alia*: he is unable to afford counsel; the issues in this case are complex; he has limited access to a law library; North Carolina Prisoner Legal Services declined to represent him in this case; and he has limited knowledge of the law. Id. at 1.

In his attached declaration in support of this motion, plaintiff avers, *inter alia*: the case is complex "because it contains several different legal claims, with each claim involving a different set of defendants"; the case "involves medical issues that may require expert testimony"; the case "will require discovery of documents and dispositions [sic] of a number of witnesses"; anticipated "testimony will be in sharp conflict [sic]"; plaintiff has an eighth grade education and no legal education"; plaintiff is "serving a sentence in punitive segregation," he "has very limited access to legal materials," and he "has no ability to investigate the facts of this case . . . by locating and interviewing other inmates who were eyewitnesses." Mot. Attach., Pl.'s Decl. [D.E. 67-1].

In his attached memorandum in support of this motion, plaintiff argues, *inter alia*: the complaint alleges he was assaulted in several different incidents when supervisory officials

ignored "planned violent propensities by inmates against the plaintiff [sic]"; his claims also involve the denial of medical care; counsel would be more effective with discovery; testimony would be a "credibility contest"; he is indigent, lacks legal training, and is confined to segregation with limited access to legal materials; he has requested a jury trial but lacks the legal skills to present his case in court; there are numerous defendants; and his case, if proven, is meritorious. Mot. Attach., Pl.'s Mem. [D.E. 67-2].

No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). In *pro se* civil cases, such "exceptional circumstances" arise when the movant lacks capacity to represent himself; this is a determination by the court that "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163.

Because this action is not complex, and because the filings show he possesses the capacity to proceed *pro se*, plaintiff fails to demonstrate the required "exceptional circumstances." Cf. id. Accordingly, the court DENIES this motion to appoint counsel [D.E. 67].

Next, the court turns to defendants' motion to seal. See Mot. [D.E. 74]. The proposed sealed exhibits include plaintiff's personal medical records. Id. at 1–2. Here, because plaintiff has not objected, and because the interest in preserving confidentiality in these medical records outweighs the public interest in disclosure, the court GRANTS this motion to seal [D.E. 74].

Next, the court summarily GRANTS defendants' motion to manually file video evidence. Mot. [D.E. 75]. Defendants are DIRECTED to file this evidence with the Raleigh clerk's office.

Finally, the court considers plaintiff's self-styled "request for modification or exemption of defendants' summary judgment [sic]." Mot. [D.E. 78]. Plaintiff writes:

2

> Pursuant to Local Rule 26(f), Fed. R. Civ, P., the plaintiff . . . are submitting this request to the Court. Praying that a order for the burden of plaintiff having to submit a summary judgment response. Be Denied and that the Court make an exemption of defendant's summary judgment request. Due to plaintiff's lack of access of producing copies of documents and lack of knowledge of the law. Which are burdensome or otherwise inappropriate and will not give the plaintiff a equal opportunity to submit a proper and presentable summary of judgment response for the complex reasons above. The plaintiff prays that the court accepts the plaintiff's request of a exemption order [sic].

Id. at 1.

To the extent plaintiff asserts that responding to defendants' motion for summary judgment is overly burdensome, the court disagrees and DENIES IN PART this motion [D.E. 78]. The court reminds plaintiff that the court's notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), see [D.E. 76], fully advised him of the requirements for responding to defendants' pending motion for summary judgment, cf. Pledger v. Lynch, 5 F.4th 511, 525–27 (4th Cir. 2021); see also Williamson v. Bridgestone Americas, Inc., 625 F. Supp. 3d 466, 470 (E.D.N.C. 2022) (noting, under Local Civil Rule 56.1(a)(2), "each numbered paragraph in Ford's "statement of material facts [is] deemed admitted for the purposes of [Ford's] motion.").

Nevertheless, for good cause shown, the court GRANTS IN PART this motion [D.E. 78] to the extent plaintiff seeks an extension of time to file a response and to avoid sending copies to defendants. Plaintiff instead may file a response with the court, and the court then will electronically serve defendants. The court allows plaintiff an extension of time until November 20, 2023, to file a response. Defendants then shall have until December 5, 2023, to file any reply.

SO ORDERED this 20th day of October, 2023.

*Richard E. Myers II*
RICHARD E. MYERS II
Chief United States District Judge

3